Cook and another, Respondents, vs. Minneapolis, St. Paul & Sault Ste. Marie Railway Company, Appellant.

*May 5—October 3, 1905.*

*Appeal and error: Equal division of justices: Affirmance.*

When the justices of the supreme court are equally divided on questions vital to the result on appeal, the judgment is affirmed *ex necessitate.*

Appeal from a judgment of the circuit court for Marinette county: Samuel D. Hastings, Circuit Judge. *Affirmed.*

Action to recover damages for breach of contract. The claim of the plaintiffs was, in the main, that the defendant breached its contract to furnish up to twenty cars per day to enable plaintiffs to ship cedar products delivered by them along its railroad track for that purpose at a station known as Corliss, where, by reason of conditions in the vicinity thereof, such products were exposed to great hazard of destruction by railroad and forest fires, and whereby the cedar was destroyed on the 20th day of May, 1893, damaging the plaintiffs in the sum of $43,710.79; that the special circumstances creating such extraordinary hazard were known to the defendant at the inception of the contract; that the contract was made with special reference thereto, and that the loss which finally occurred was such as both parties at such inception had reasonable ground to expect would be likely to occur in the event of such a breach. It was further claimed that plaintiffs agreed to furnish the cedar for shipment over defendant's line upon condition of its agreement to furnish the facilities for moving the same, as indicated, so that the property could be quickly removed beyond the scope of the extraordinary hazard mentioned. There was a further claim that the destruction of the property was caused, in part, by the fault of the defendant in allowing fire to escape from one of its locomotives and by

reason of the condition of its right of way. The claim of defendant was, in the main, that it did not make the contract alleged in the complaint; that if it were otherwise the cause of action sued on accrued more than six years before the commencement of the action by reason of defendant's repudiation of the contract or refusal to perform it; that the fire was of such extraordinary character, even under the circumstances claimed by plaintiffs to have existed and been brought to defendant's attention at the inception of the contract, that the event which destroyed the cedar was highly exceptional; that the cause of action was barred by the statute of limitations; also by a former action brought to recover the same damages on the ground of negligence of defendant in setting out the fire which caused the loss, which action proceeded to judgment in favor of the defendant prior to the commencement of this action; and further that the cause of action was lost by an election to rely upon the former action. .

In the light of the foregoing the issues material to the rights of the parties raised by the pleadings, as the court viewed the same, sufficiently appear by the special findings of the jury in respect thereto, which in brief, omitting such as need not be stated but preserving the appropriate numbers of those which are stated, are as follows: (1) Plaintiffs and defendant, the latter acting by H. L. Shute, in September, 1892, upon condition of the former getting out their cedar and delivering the same on defendant's siding at Corliss during the fall and winter, agreed to promptly transport the same away therefrom, furnishing to that end, as requested by plaintiffs, as many as twenty cars per day. (2) Mr. Shute at the inception of the contract knew and was informed, in a general way, of the conditions in and about Corliss as to danger from forest and railroad fires. (3) Such agreement was made in view of and with direct reference to such dangers. (7) Pursuant to such agreement on and after about April 20th or 21st plaintiffs ordered twenty cars per day. (8) Defendant failed

to comply therewith. (9) Defendant did not repudiate nor notify plaintiffs that it would not abide by such agreement prior to May 20, 1893. (11) The value of the cedar delivered for shipment and not on cars, but covered by customers' orders, which was burned by reason of defendant's failure to furnish such cars within a reasonable time after the same were ordered, was $1,798. (12) The value of the cedar burned after being loaded on cars was $237. (14) The value of the cedar destroyed by fire, which would have been shipped away from Corliss had cars been furnished reasonably after orders therefor were given, was $20,905. (14½) Plaintiffs exercised ordinary care for the protection of their property. (15) After making the agreement plaintiffs cut cedar on the two sections of land adjoining their yard, extending westerly and northwesterly therefrom. (16) In doing so they materially increased the inflammable conditions on such lands. (17) Such increased inflammable condition materially contributed to the destruction of the cedar. (18) The removal of such condition prior to the fire would not have prevented such destruction. (21) Prior to the fire plaintiffs had good reason to believe defendant did not intend to perform the agreement. (22) They had such reason on and after May 1, 1893. (23) Between May 1st and the occurrence of the fire plaintiffs could not reasonably have removed the increased danger caused by them. (25) Had the combustible material on the east, north, and west sides of the yard been cleared up after April 1st preceding the fire, the destruction of the cedar would not have been prevented. (27) Notwithstanding the knowledge and experience plaintiffs had as to the conditions in the vicinity of Corliss relative to forest fires, they should not reasonably have anticipated such a fire as the one which destroyed their property. (28) The reason thereof is the unusual character of such fire. (29) Notwithstanding such knowledge and experience plaintiffs should not reasonably have foreseen that their property would be destroyed in case

of such a fire as occurred getting into the *debris* left by them on lands adjoining the cedar yard, after they made the agreement as before stated. (30) They could not, after seeing the smoke westerly of where they increased the inflammable conditions as before stated, reasonably have prevented the loss to their property.

The summons in the action was served on the 21st day of April, 1899. Notwithstanding the verdict defendant's counsel claimed that according to the uncontradicted evidence the conditions which led the jury to find that as early as May 1, 1893, plaintiffs had good reason to believe, as the fact was, that defendant did not intend to carry out the contract claimed on the part of the plaintiffs, existed as early as the middle of April, 1893, and that plaintiff's cause of action accrued at such date, if at all, and ceased to exist under the six-year statute of limitations before this action was commenced.

Both sides moved the court for judgment on the special verdict and the evidence. The motion of the defendant was denied, and that of the plaintiffs was granted. The amount of the recovery was fixed at the value of the property found by the jury to have been lost by reason of defendant's breach of contract, and legal interest thereon from the time it occurred. Judgment was entered accordingly and from that defendant took this appeal.

*Alfred H. Bright* and *H. O. Fairchild,* of counsel, for the appellant.

*D. G. Classon* and *John B. Sanborn,* attorneys, and *L. K. Luse,* of counsel, for the respondents.

The following opinion was filed June 23, 1905:

MARSHALL, J. After the most careful consideration of the important questions in this case which the members of the court are capable of devoting thereto, they have been unable to agree as to how all of them should be decided which are vital to the judgment. Three members of the court, Justices

WINSLOW, DODGE, and SIEBECKER, are in favor of an affirmance of the judgment, while the Chief Justice, Justice KERWIN, and the writer are of the opinion that fatal error was committed in deciding the question of whether the facts found by the jury satisfy the rule in *Hadley v. Baxendale,* 9 Exch. 341, as adopted by this court in *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214, 66 N. W. 119, and that the judgment should be reversed and one be rendered for the defendant.    That situation, under the rule governing such matters, requires an affirmance of the judgment *ex necessitate* without writing more than this brief statement of the situation.

*By the Court.*—So ordered.

A motion for a rehearing was denied October 3, 1905.